IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MICHAEL SUMMERS                                                              PLAINTIFF

v.                                    CIVIL NO. 10-5010

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                               DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Michael Summers, brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision of the Commissioner of Social Security (Commissioner) denying his claim for benefits under the provisions of Title II of the Social Security Act. Defendant filed a Motion to Dismiss Plaintiff's Complaint on May 10, 2010, on the ground that this Court lacks subject matter jurisdiction because Plaintiff failed to exhaust his administrative remedies prior to filing this action, and thus, there is no "final action" of the Commissioner as required by 42 U.S.C. § 405(g). (Docs. 8, 10). By Order dated August 4, 2010, the Court directed Plaintiff to file a Response. (Doc. 11). Plaintiff filed a Response on August 10, 2010. (Doc. 12).

I.     **Procedural Background and Facts:**

In support of the motion to dismiss, Defendant filed a declaration completed by Patrick J. Herbst, Chief of the Court Case Preparation and Review of Branch 4 of the Office of Appellate Operations, which is responsible for processing the claims under Title II whenever a civil action is filed in the state of Arkansas. (Docs. 8,10). Mr. Herbst states that the record reflects on January 22, 2009, a Notice of Reconsideration denying Plaintiff's claim for disability insurance

benefits was mailed to Plaintiff. (Docs. 8, exhibit 1; 10, p.2). The Notice informed Plaintiff that a request for review of the reconsideration determination could be requested within sixty (60) days from the date of receipt of the notice.[1]

On August 12, 2009, the Commissioner received a Request for a Hearing by an Administrative Law Judge, that Plaintiff and his attorney, Mima Cazort, signed on August 6, 2009. (Docs. 8, Exhibit 2; 10). In a statement dated August 6, 2009, Plaintiff's attorney indicated that her office did not receive a copy of the Notice dated January 22, 2009, until her office called Defendant's local district office in March of 2009. (Doc. 8, Exhibit 2).

On September 15, 2009, an ALJ issued a Notice and Order of Dismissal because Plaintiff had filed his request for a hearing untimely. (Doc. 8, Exhibit 3). The ALJ stated Plaintiff indicated he missed the deadline to request a hearing because his attorney did not receive a copy of the reconsideration denial dated January 22, 2009. The ALJ noted that the reconsideration denial was mailed on January 22, 2009, and the appointment of representative (although signed on December 1, 2008) was not received by the Defendant until March 2, 2009, by fax.[2] The ALJ found the reconsideration denial was addressed only to the claimant and that Plaintiff had no reason to believe that his attorney received a copy. The ALJ found Plaintiff had not established good cause for missing the deadline and that the reconsideration denial dated January 22, 2009, remained in effect.

---

[1] The date of receipt is presumed to be five days after the date of such notice, unless these is a reasonable showing to the contrary made to the Appeals Council. 20 C.F.R. § 404.901. Therefore, to fall within the 60 days to request a hearing, Plaintiff's request should have been filed on or before March 28, 2009.

[2] In Plaintiff's Response, Plaintiff provided a "Transmission Verification Report" which showed something was faxed on December 11, 2008; however, there is no indication as to what was specifically faxed. (Doc. 12, Exhibit A). Plaintiff also provided a "Disability Report-Appeal" form and there is a handwritten note that it was faxed December 11, 2008. (Doc. 12, Exhibit A). In her Response, Plaintiff's counsel indicates the "Appointment of Representative" form in this case was faxed on December 1, 2008. (Doc. 12, p. 1).

On October 27, 2009, Plaintiff requested review of the ALJ's dismissal. (Doc. 8, Exhibit 4).

On December 4, 2009, Plaintiff was sent a Notice of Appeals Council Action, which advised Plaintiff that the Appeals Council found no reason to review the ALJ's dismissal. (Doc. 8, Exhibit 5).

On January 15, 2010, Plaintiff commenced this civil action in federal district court. (Doc. 1).

## II.   Discussion:

Defendant moves to dismiss Plaintiff's complaint based on the contention that Plaintiff did not complete the administrative process concerning his application. Plaintiff contends that the untimely appeal was due to an error on the part of Defendant. (Doc. 12).

The basic question before this Court is whether the district court has jurisdiction to consider Plaintiff's claim. A federal district court's jurisdiction to review the Commissioner's decisions regarding disability benefits is governed by 42 U.S.C. § 405(g), which provides review only of a "final decision of the Commissioner made after a hearing." The Supreme Court has specifically held that § 405(h) prevents review of the Commissioner's decisions except as provided in § 405(g) of the Act.[3] Sheehan v. Secretary of Health, Ed. & Welfare, 593 F.2d 323,

---

[3]   Section 405(g) provides in pertinent part:

Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Section 405 (h) states in pertinent part:

The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings

325 (8th Cir. 1979) (citing Weinberger v. Salfi, 422 U.S. 749, (1975)). Accordingly, whether the district court has jurisdiction over the subject matter of this case depends on whether the actions taken by the Commissioner constitute a "final decision."

The Supreme Court in Weinberger v. Salfi, 422 U.S. 749, 766 (1975) stated:

> The requirement [of a final decision] is ... something more than simply a codification of the judicially developed doctrine of exhaustion. ...The term "final decision" is not only left undefined by the Act, but its meaning is left to the [Commissioner] to flesh out by regulation. ...The statutory scheme is thus one in which the [Commissioner] may specify such requirements for exhaustion as he deems serve his own interests in effective and efficient administration.

In Mathews v. Eldridge, 424 U.S. 319 (1976), the Court further explained that the final decision requirement consists of two elements, "only one of which is purely `jurisdictional' in the sense that is cannot be `waived' by the [Commissioner] in a particular case. The waivable element is the requirement that administrative remedies prescribed by the [Commissioner] be exhausted. The nonwaivable element is the requirement that a claim for benefits shall have been presented to the [Commissioner]." Id. at 328; Sheehan, 593 F.2d at 325.

Here, it is apparent that Plaintiff presented a claim for disability benefits to the Commissioner. However, it is also equally clear that he failed to exhaust his administrative remedies and that the Commissioner has not waived the exhaustion requirement.

---

of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or government agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

The regulations provide that when a claimant is dissatisfied with the initial determination regarding his entitlement to benefits, he is to make a written request for reconsideration within 60 days after being notified of the original determination. 20 C.F.R. § 404.909. If the claimant is dissatisfied with the reconsideration determination, he may request a hearing before an ALJ. 20 C.F.R. § 404.929. A request for a hearing before an ALJ must be filed within 60 days after the date the claimant received notice of the previous determination. 20 C.F.R. § 404.933.  If a hearing is granted, the ALJ will issue a written decision that gives the findings of fact and the reasons for his decision. 20 C.F.R. § 404.953(a). The claimant thereafter may have the decision of the ALJ reviewed by the Appeals Council. 20 C.F.R. § 404.955.  To effect that review, the claimant must make a request in writing with the Social Security Administration within 60 days from the date of receipt of notice to him of the ALJ's decision or within the time allowed by the Appeals Council upon a written request for such an extension of time showing good cause for late filing. 20 C.F.R. § 404.968.  In the absence of such review by the Appeals Council, the decision of the ALJ is deemed binding on all parties to the hearing. 20 C.F.R. § 404.955.

There is a "final decision" of the Commissioner if the Appeals Council grants a request for review of the ALJ's decision made after a hearing and renders a decision thereon, or if the Appeals Council denies a timely request for review of an ALJ's decision made after a hearing, thereby making the ALJ's decision the "final decision" of the Commissioner. Smith v. Heckler, 761 F.2d 516, 518 (8th Cir. 1985); 20 C.F.R. §§ 404.979, 404.981. The determination by the Commissioner that there is no good cause for extending the period for appeal in a social security disability case is not subject to judicial review. See 42 U.S.C. § 405(g). Furthermore, the Social Security Administration Regulation's specifically provide that a ruling denying a request to

extend a time period for seeking review is not an "initial determination" subject to the appeals process and ultimately to judicial review. 20 C.F.R. § 404.903(j).

In the present case, Plaintiff, requested reconsideration of the initial denial of benefits, which resulted in an unfavorable decision. Plaintiff's subsequent request for a hearing before an ALJ was denied on the basis that the request was untimely and that Plaintiff had failed to establish good cause for missing the deadline to request a hearing. After reviewing Plaintiff's request for review of the ALJ's order, the Appeals Council found no reason to review the ALJ's dismissal. No hearing was ever held in Plaintiff's case.

As addressed above, "Federal courts are empowered to review only 'final decisions' of the Secretary in disability benefits cases." Lively v. Bowen, 827 F.2d 268, 269 (8th Cir.1987). The ALJ's dismissal of Plaintiff's hearing request is not a 'final decision' subject to judicial review. See Boock v. Shalala, 48 F.3d 348, 351 (8th Cir.1995) ("the Secretary's determination of no good cause to extend the period for appeal ... is not subject to judicial review under § 405(g)"); Smith v. Heckler, 761 F.2d 516, 519 (8th Cir.1985) (Appeals Council's dismissal of plaintiff's untimely request for review was not a final action for purposes of review under section 205(g)). Because Plaintiff's request for a hearing was denied as untimely, there is no final decision subject to review by this Court and Plaintiff did not exhaust his administrative remedies.

When actions of the Commissioner are challenged on colorable constitutional grounds that are collateral to the substantive claim for benefits, the requirement of exhaustion of remedies is waivable by the Court. See Gipson v. Harris, 633 F.2d 120, 122 (8th Cir. 1980). Plaintiff argues that Defendant erred in sending the January 22, 2009 Notice of Reconsideration denying Plaintiff's claim for disability insurance benefits only to Plaintiff and not Plaintiff's counsel.

While this claim is sufficiently colorable to confer this Court with subject matter jurisdiction, Plaintiff's claim is substantively without merit because there is no dispute that Plaintiff received the January 22, 2009 Notice. Id.(the due process clause did not require the SSA to separately notify claimant's attorney of the reconsideration denial).

### III. Conclusion:

Based on the above, we hereby grant Defendant's motion and dismiss Plaintiff's case with prejudice.

DATED this 1st day of September 2010.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)